UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN SALMEN,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>BRYANT, Correctional Officer; SAENZ, Correctional Officer<br><br>　　　　　　　　　Defendants. | Case No. 22-cv-1508-BAS-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS (ECF No. 2); AND**<br><br>**(2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT AND SUMMONS PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

　　　Plaintiff Justin Salmen ("Salmen" or "Plaintiff"), proceeding *pro se*, commenced the instant prisoners' civil rights lawsuit on October 5, 2022, pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.)  Salmen, who is currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD"), alleges that RJD Correctional Officers Bryant and Saenz (collectively "Defendants") violated his Eighth Amendment rights by failing to take

reasonable measures to protect him from other inmates whom Defendants knew posed a risk of serious harm to Salmen.

Salmen did not prepay the civil filing fee in accordance with 28 U.S.C. § 1914(a) when he filed his Complaint. Instead, he applied to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (IFP App., ECF No. 2.) Accordingly, this Court must assess whether Salmen qualifies for IFP status and, if so, conduct a preliminary screen pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) to examine the sufficiency of Salmen's Eighth Amendment claim.

## I. IFP APPLICATION

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except a petition for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted IFP status remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether her action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified account statement, the court assesses an initial payment of 20% of (a) the average monthly

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

deposits in the account for the past six months or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards these payments to the court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84.

Under 28 U.S.C. § 1915, indigency is the benchmark for whether a plaintiff qualifies for IFP status. The determination of indigency falls within the district court's sound discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (holding that "[s]ection 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement on indigency"), *rev'd on other grounds*, 506 U.S. 194 (1993). It is well-settled that a party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and the dependents with the necessities of life." *Id.* at 339. However, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

In support of his IFP Application, Salmen has submitted a copy of his CDCR Inmate Statement Report and a prison certificate authenticated by a RJD Accounting Officer, attesting as to his trust account activity pursuant to 28 U.S.C. §1915(a)(2) and S.D. Cal. Civ. L.R. 3.2. (*See* IFP App.; *see also* Statement Report, ECF No. 4.) Together, these documents establish Salmen carried an average monthly balance of $233.18 and had $103.79 in average monthly deposits to his trust account during the six months preceding the filing of this action. They also reveal Salmen had an available balance of $0.04 at the time he commenced this action. Salmen's evidence of indigency suffices to establish IFP

status. *Cf. Fernandez v. Madden*, No. 22-cv-0446-BAS-WVG, 2022 WL 3109941, at *2 (S.D. Cal. Aug. 4, 2022) (granting IFP application where prisoner had average monthly deposits of $0.42 and an average monthly balance of $3,800.83).

The Court, therefore, **GRANTS** Salmen's IFP Application. (ECF No. 2.)

\* \* \* \*

Having concluded Salmen qualifies for IFP status, the Court assesses a partial initial filing fee of $46.64 pursuant to 28 U.S.C. § 1915(b)(1) but declines to order the collection of that initial fee at this time because Salmen demonstrates he has "no means to pay it." 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of an IFP prisoner's case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered"). Instead, the Court directs the Secretary of the CDCR, or their designee, to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and to forward them to the Clerk of Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.    Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

**A.    Standard of Review**

Because Salmen is a prisoner and is proceeding IFP, his Complaint also requires preliminary screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under [Rule] 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

### B.  Salmen's Allegations[2]

Salmen works as the "Lead Porter" in his unit at RJD, the facility in which he is confined. (Compl. at 4.) In that position, he passes out meals to other inmates. (*Id.*) Salmen alleges that on June 5, 2022, a group of inmates complained to Officer Saenz "about the way custody operates cell feeding." (*Id.* at 5.) Saenz purportedly informed the inmates Salmen was responsible for passing out meals. Salmen alleges Saenz's intent in disclosing his identity was to "incite violence between inmates." (*Id.*)

Approximately one week later, on June 12, 2022, Salmen informed Officer Bryant specific inmates were threatening to assault him over complaints about the way Salmen

---

[2] These allegations all are taken from the Complaint. (ECF No. 1.) For this § 1915A screening, the Court accepts as true all of Plaintiffs' factual allegations. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

performed his Lead Porter duties. (Compl. at 3.) Salmen alleges Bryant "did nothing to address the[se] threats." (*Id.*) These same inmates later went to Salmen's cell to assault him, "striking [him] repeatedly in the face with closed fists resulting in laceration, swelling, bruising," and a detached retina. (*Id.*)

Salmen subsequently instituted this lawsuit, seeking compensatory and punitive damages for Bryant and Saenz's alleged deliberate indifference. (Compl. at 7.)

**C.     Analysis**

To state a claim under 42 U.S.C. § 1983, Salmen must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 478 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035–36 (9th Cir. 2015).

The Court finds that the Complaint contains allegations to state an Eighth Amendment claim against Officers Bryant and Saenz sufficient to survive the "low threshold" set for preliminary screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678. The Eighth Amendment "requires that prison officials 'must take reasonable measures to guarantee the safety of the inmates'" in their custody. *United States v. Williams*, 842 F.3d 1143, 1153 (9th Cir. 2016) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). If a correctional officer "knows that [an] inmate[] face[s] a substantial risk of serious harm and disregard[s] that risk by failing to take reasonable measures to abate it," the officer "may be held liable." *Farmer*, 511 U.S. at 847.

The Complaint alleges facts that enable this Court to infer Officer Saenz knew that disclosing Salmen's identity to angry inmates would pose a substantial risk of serious harm to Salmen, and that Officer Saenz did so anyway. The Complaint further alleges that Salmen told Officer Bryant directly that specific inmates were threatening violence against him for his performance as Lead Porter, yet Officer Bryant purportedly did not undertake a single measure to protect Salmen from assault. These allegations, taken together in a

light most favorable to Salmen, enable the Court to infer Officers Saenz and Bryant disregarded a substantial risk of serious harm posed to Salmen by other inmates, in violation of the Eighth Amendment.

* * * *

Salmen is cautioned that "the *sua sponte* screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

## III.   CONCLUSION AND ORDER

For the reasons explained, the Court:

1) **GRANTS** Plaintiff's IFP Application (ECF No. 2).

2) **DIRECTS** the Secretary of the CDCR, or their designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by garnishing monthly payments from her account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3) **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Kathleen Allison, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001, or in the alternative by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

4) **DIRECTS** the Clerk of Court to issue a summons as to the Complaint (ECF No. 1) upon Defendants and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each named Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint, and the summons so that he may serve each Defendant. Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285 as completely and accurately as possible, include an address where each

Defendant may be found and/or subject to service pursuant to S.D. Cal. CivLR 4.1c., and return them to the U.S. Marshal according to the instructions the Clerk provides.

  5) **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendants upon receipt and as directed by Plaintiff on the completed USM Form 285s, <u>and to promptly file proof of service, or proof of all attempts at service unable to be executed, with the Clerk of Court</u>. *See* S.D. Cal. CivLR 5.2. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

  6) **ORDERS** Defendants, once served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its *sua sponte* screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond).

  7) **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon each Defendant, or if appearance has been entered by counsel, upon each Defendant's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document was served on each Defendant or his counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of service upon each Defendant, or his counsel, may be disregarded.

  **IT IS SO ORDERED.**

**DATED: November 3, 2022**

*[signature]*
Hon. Cynthia Bashant
United States District Judge