UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN SALMEN,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>OFFICER BRYANT, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:22-cv-01508-BAS-AHG<br><br>**ORDER:**<br><br>**(1) DENYING AS MOOT PLAINTIFF'S MOTION FOR ORDER DIRECTING DEFENDANTS TO REPLY; and**<br><br>**(2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO THE COMPLAINT**<br><br>**[ECF Nos. 11, 12]** |

　　　This matter comes before the Court on Plaintiff's Request for Order Directing Defendants to Reply (ECF No. 11) ("Plaintiff's Motion"), filed December 27, 2022, and Defendants' *Ex Parte* Motion for an Extension of Time to Respond to the Complaint (ECF No. 12) ("Defendants' Motion"), filed December 30, 2022.

　　　Rule 12 of the Federal Rules of Civil Procedure dictates that where, as here,

Defendants have timely waived service under Rule 4(d), their deadline to file a responsive pleading to the Complaint is within 60 days after the request for waiver was sent. Fed. R. Civ. P. 12(a)(1)(A)(ii). Here, both Defendant Saenz and Defendant Bryant received a request for waiver of service of summons on November 17, 2022, and both Defendants timely waived personal service on December 16, 2022. ECF Nos. 9, 10. Therefore, Defendants' current deadline to respond to the Complaint is 60 days after November 17, or January 17, 2023.[1]

In Plaintiff's Motion, he requests that the Court order Defendants to respond to his Complaint, and to "produce a fair warning this court has power to enter default of judgment under rule 55 of civil procedure. . . so the defendants are not misinformed by counsel in a way that makes them think they are above the law and don[']t even have to respond or explain their behaviors in this case." ECF No. 11 at 1. However, in its Order granting Plaintiff's Motion to Proceed *In Forma Pauperis* and Directing the U.S. Marshal to Effect Service of the Complaint and Summons, the Court already ordered Defendants, "once served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a)." ECF No. 5 at 8. As explained above, the deadline for Defendants to respond to Plaintiff's Complaint pursuant to Rule 12(a) has not yet passed and currently falls on January 17, 2023. Accordingly, there is no need for an additional order requiring Defendants to respond to the Complaint, and Plaintiff's Motion (ECF No. 11) is **DENIED as moot**.

In Defendants' Motion, they request a 60-day extension of the January 17 deadline

---

[1] January 16, 2023 is the date exactly 60 days after November 17, 2022. However, January 16, 2023 is a federal holiday. Accordingly, the deadline falls on January 17, 2023 by operation of the Federal Rules. *See* Fed. R. Civ. P. 6(a)(1)(C) (providing that, when computing a time period specified in the Federal Rules of Civil Procedure that is stated in days, "if the last day [of the time period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

to respond to Plaintiff's Complaint, to March 20, 2023. ECF No. 12 at 1-2. Although Defendants provided a Certificate of Service showing that they mailed a copy of their Motion to Plaintiff on December 30, 2022 (ECF No. 12 at 6), Plaintiff has filed no response with the Court. Accordingly, the Court treats the Motion as ripe for determination.

Under Fed. R. Civ. P 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16, advisory committee's notes to 1983 amendment.

To establish good cause for their request, Defendants have submitted a Declaration of their counsel, Deputy Attorney General Judith S. Gronna. ECF No. 12 at 3. Ms. Gronna explains that, due to the nature of this case, she requires additional time "to review documents, including Plaintiff's medical records and grievance history, conduct legal research, confer with my clients, and prepare and serve Defendants' answer[.]" *Id.* ¶ 4. Additionally, Ms. Gronna explains that she is currently handling fifteen cases total, and outlines in detail the work responsibilities and deadlines that she is facing in the coming months in several of those cases. *Id.* ¶ 5.

Having reviewed the detailed Declaration of defense counsel, the Court finds that Defendants have shown that the present deadline to respond to Plaintiff's Complaint cannot reasonably be met despite their diligence. However, Defendants have failed to show good cause to grant an additional 60 days to respond, for a total of 120 days. The work responsibilities outlined by defense counsel in her Declaration, while demanding, are standard day-to-day legal work (e.g., briefing summary judgment motions, preparing for depositions and settlement conferences, preparing discovery responses) and are not so

burdensome as to justify affording counsel twice the amount of time as is typically afforded under the Federal Rules to prepare a response. Moreover, most of the work will be completed by early February. *See id.* ¶ 7. The Court thus finds good cause to extend the responsive pleading deadline by only 30 days.

Accordingly, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion (ECF No. 12), by extending their deadline by **30 days**. Defendants shall have until **February 16, 2023** to file a responsive pleading to Plaintiff's Complement.

**IT IS SO ORDERED**.

Dated: January 13, 2023

_____
Honorable Allison H. Goddard
United States Magistrate Judge

4

3:22-cv-01508-BAS-AHG